UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRAL DRM LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>YURII PROKOPENKO,<br><br>　　　　Defendant. | Case No. 3:24-cv-00739-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ALERNATIVE SERVICE**<br><br>Re: Dkt. No. 14 |

　　　　Plaintiff Viral DRM LLC syndicates and licenses video content of extreme weather events from around the world. Defendant, a citizen of Ukraine, allegedly downloaded and copied Plaintiff's copyrighted materials from YouTube, and then re-uploaded infringing versions of Plaintiff's copyrighted media content to his YouTube channel(s). Plaintiff seeks leave to serve Defendant via email and posting on a designated website. (Dkt. No. 14.) After carefully considering Plaintiff's motion and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES WITHOUT PREJUDICE the motion for alternative service.

**BACKGROUND**

　　　　Viral DRM alleges Yurii Prokopenko operates the YouTube Channels LATEST WEATHER and TOUGH WEATHER US. (Dkt. No. 1 at ¶ 25.) Defendant is alleged to have "downloaded Viral DRM's Works, [] edited the Works, removed Viral DRM's copyright management information, and then uploaded infringing versions of Viral DRM's Works to YouTube." (*Id*. at ¶ 27.) Defendant did so "to advertise, market and promote their YouTube channel, grow their YouTube channel subscriber base, earn money from advertising to their YouTube subscribers, and engage in other money-making business activities using Viral DRM's

1  copyrighted media content." (*Id*. at ¶ 28.) Viral DRM notified YouTube and Defendant of the
2  allegedly infringing behavior by filing DMCA take-down notices, but Defendant responded with
3  false and misleading information. (*Id*. at ¶¶ 45-46.)
4        Plaintiff seeks leave to serve Defendant through alternative email service to the email
5  address Google provided in response to a subpoena as well as by website posting. (Dkt. No. 14.)
6  Plaintiff contends "allowing e-mail service in the present case is appropriate and comports with
7  constitutional notions of due process, particularly given Prokopenko's decision to conduct his
8  illegal businesses using the Internet and utilizing e-mail as a primary means of communication."
9  (Dkt. No. 14 at 10.)

## DISCUSSION

11        Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an
12  individual in a foreign country. Under Rule 4(f)(3), courts can order service through a variety of
13  methods, "including publication, ordinary mail, mail to the defendant's last known address,
14  delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of
15  service is not prohibited by an international agreement. *Rio Props., Inc. v. Rio Intern. Interlink*,
16  284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted). "However, the fact that an alternative
17  method of service is not prohibited by international agreement does not mean that the plaintiff is
18  entitled to use such a method under Rule 4(f)(3)." *Keck v. Alibaba.com, Inc*., 330 F.R.D. 255,
19  257–58 (N.D. Cal. 2018). It is within a court's "sound discretion" to determine whether "the
20  particularities and necessities of a given case require alternate service of process under Rule
21  4(f)(3)." *Rio Properties*, 284 F.3d at 1016.
22        To comport with due process, alternate service of process must be "reasonably calculated
23  to apprise interested parties of the pendency of the action and afford them an opportunity to
24  present their objections." *Id*. at 1016–17 (citation omitted). Service by email may be proper when
25  (1) international agreement does not prohibit service by email, and (2) service by email is
26  reasonably calculated to provide actual notice to the defendant. *See D.Light Design, Inc. v. Boxin
27  Solar Co*., No. C–13–5988 EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015) (collecting
28  cases).

United States District Court
Northern District of California

International agreement does not prohibit service by email here. The Hague Service Convention governs because the United States and Ukraine are both parties to this multilateral treaty. *See* Hague Service Convention Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Apr. 11, 2024). The Convention's language is mandatory "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk v. Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (internal quotation marks omitted). The Convention authorizes service in several ways, including (a) through a receiving country's central authority, (b) by diplomatic and consular agents, through consular channels, on judicial officers in the receiving country, or direct service by postal channels, unless the receiving country objects, and (c) by additional methods of service that a signatory country may designate within their borders either unilaterally or through side agreements. *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, 480 F. Supp. 3d 977, 980 (2020). "Nothing in the Hague Convention itself prohibits alternative service by email, when such service is directed by a court." *See Google LLC v. Does 1-3*, No. 23-CV-05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. Dec. 21, 2023) (collecting cases).

Plaintiff, however, has not made an adequate showing service by email comports with due process. As a threshold matter, Plaintiff has not identified the email address(es) it intends to use to serve Defendant. Plaintiff indicates it plans to use the email address Google provided in response to a subpoena, but it has not attached a copy of Google's response. *See, e.g.*, *Google*, 2023 WL 8851619, at *2 (relying on Google subscriber records submitted with the motion for alternative service demonstrating the accounts were active and recently accessed to demonstrate service by email was "likely to reach defendants and is reasonably calculated to provide them actual notice of this action."). Further, unlike in the related actions, *see e.g.*, Nos. 23-4300, Dkt. No. 35, the Court did not grant Plaintiff leave in this action to subpoena Google, so it is unclear how this email address was identified.

Nor has Plaintiff provided evidence any such email address Defendant provided Google is likely to be legitimate. Plaintiff contends Defendant must provide Google "a valid electronic

3

means to contact him" "in order to communicate with Google, receive notice of DMCA takedowns, submit counternotices, receive payment advices, and communicate with YouTube concerning his YouTube channel," but Plaintiff alleged in the complaint the information in Defendant's counternotice was fraudulent. (*Compare* Dkt. No. 14 at 6 *with* Dkt. No. 1 at ¶¶ 45-46.) The counternotice for LATEST WEATHER indicates it is registered to a Sergey Lineev of Kiev, Ukraine who uses the email address latestweather666.gmail.com. (Dkt. No. 1-3 at 17-18, 26-27, 35-36.) Given Plaintiff named Mr. Prokopenko and not Mr. Lineev as a defendant, it appears Plaintiff contends this information is inaccurate, but Plaintiff does not explain this or provide evidence Google provided a different email address which it used to communicate with Mr. Prokopenko.

Nor has Plaintiff provided other evidence demonstrating service by email is likely to reach Defendant. For example, Plaintiff has not provided evidence it attempted to communicate with Defendant at the latestweather666.gmail.com email address or another email address to ensure the address is legitimate. *See, e.g.*, *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); *Hillbroom v. Lujan*, 2010 WL 11515374, at *2 (C.D. Cal. May 3, 2010) (permitting service of foreign individual by email where individual used the subject email address to communicate with counsel); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same).

Finally, while the motion repeatedly references Defendant's email address in the singular, it also states "[b]ased upon plaintiff's investigation, Prokopenko has multiple forms of electronic means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with Prokopenko, and consequently, the most reliable means of providing Prokopenko with notice of this action." (Dkt. No. 14 at 9 (citing Rollin Decl. ¶¶ 7-8).) Mr. Rollin's declaration, however, only refers to Defendant's "email address." It is unclear if this is a typographical error or if Mr. Prokopenko has multiple email addresses at which Plaintiff should attempt service.

In sum, Plaintiff's motion for alternative service fails to satisfy Rule 4(f) and constitutional due process.

## CONCLUSION

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to serve Defendant by alternative means.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: April 11, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge